IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DANIEL LEPPIEN,
    Plaintiff,
    v.
WEXFORD HEALTH SOURCES, INC.,
et al.,
    Defendants

Case No. 3:15-cv-110-KRG-KAP

## Report and Recommendation

### Recommendation

Pending at ECF no. 95 is the joint motion by the defendants to enforce the settlement agreement entered into on May 25, 2017. For the reasons below, it should be granted.

### Report

Plaintiff, represented by current counsel, filed a complaint in April 2015 alleging several federal civil rights claims and pendent state law tort claims against two sets of defendants in connection with injuries sustained by plaintiff on April 22, 2014, when he was assaulted by a fellow inmate at S.C.I. Pittsburgh, and in connection with the medical care plaintiff received in the aftermath. The two sets of defendants, corrections personnel defendants and medical care provider defendants, are represented by separate defense counsel who have represented defendants throughout. (A claim against one previously dismissed defendant is not relevant to the discussion here.)

If one is a connoisseur of docket sheets it can be easily seen that this matter was skillfully and diligently pursued and defended, and if one digs into the pleadings one can also appreciate that there were significant risks to both plaintiff and defendants from trying this matter. In February 2017 and again in

May 2017 I met with counsel for several hours in an attempt to determine whether compromise was possible. I received three confidential mediation statements that reflected counsels' thorough grasp of both liability and damages issues. At the May 2017 meeting plaintiff's mother and power of attorney was present, and took an active part in the discussions.

At the end of the meeting on May 25, 2017, the parties reached an agreement, the important points of which I memorialized in handwritten notes. Counsel are all experienced litigators with familiarity with settlement agreements; language concerning the terms of payment, release from liability of the defendants, and other customary provisions of written settlement documents were agreed to orally, with the drafting to be done by defense counsel. It happened that for reasons relevant to the defendants that defense counsel decided to split the agreement into two documents, one settling the claims against the corrections personnel defendants and one settling the claims against the medical care defendants. The agreements were submitted under seal for my *in camera* review. Aside from having two agreements rather than one, the agreements are consistent with my notes and my recollection, and accurately reflect the material terms of the agreement reached on May 25, 2017.

The settlement agreements have not been signed by plaintiff, and defendants have filed the pending motion to enforce the settlement agreement. The reasons why plaintiff has not signed the settlement agreement do not appear of record.

As this court wrote in enforcing the settlement agreement in Thomas v. Lockheed Martin Aeroparts, Inc. Case No. 3:13-cv-166-KRG (W.D.Pa. March 20, 2015):

> [C]ourts encourage attempts to settle disagreements outside the context of litigation. Wilcher v. City of Wilmington, 139 F.3d 366, 372 (3d Cir.1998). "A settlement agreement is a contract and is interpreted according to local law." Id. (citing Pennwalt Corp. v. Plough, Inc., 676 F.2d 77, 79 (3d Cir.1982). It is the law in the Third Circuit that "an agreement to settle a lawsuit, voluntarily entered into is binding upon the parties, whether or not made in the presence of the Court, and even in the absence of a writing." Pugh v. Super Fresh Food Markets, Inc., 640 F. Supp. 1306, 1307 (E.D. Pa.1986)(citing Green v. John H. Lewis & Co., 436 F.2d 389, 390 (3d Cir.1970)).
>
> An enforceable settlement agreement must possess all of the elements of a valid contract. Mazzella v. Koken, 739 A.2d 531, 535 (Pa.1999)(citations omitted). The court will enforce a settlement agreement if all of the material terms of the bargain are agreed upon. Id. At 537, citing Miller v Clay [Township], 555 A.2d 972,974 (Pa. Cmwlth. 198). However, the court will set aside the agreement if there are "ambiguities and undetermined matters which render a settlement agreement impossible to understand and enforce." Id., citing Miller, 555 A.2d at 974. An enforceable agreement also requires mutual assent. Morales v. Sun Constructors, Inc.,541 F.3d 218, 221 (3d Cir.2008), citing Restatement (Second) of Contracts, §17 (1981)(the Restatement). "Acceptance is measured not by the parties' subjective intent, but rather by their outward expressions of assent." Id. The Restatement observes that:
>> The parties to most contracts give actual as well as apparent assent, but it is clear that a mental reservation of a party to a bargain does not impair the obligation he purports to undertake. The phrase used here, therefore, is "manifestation of mutual assent."
>
> Restatement §17.

ECF no. 41 in Thomas v. Lockheed Martin Aeroparts, Inc. Case No. 3:13-cv-166-KRG (W.D.Pa. March 20, 2015). See also Shelley v. Somerset County Jail, 581 Fed.Appx. 126 (3d Cir.2014)(affirming an order enforcing a settlement agreement before the undersigned).

The plaintiff was not personally present at the discussions May 25, 2017, but his mother was and she was

3

plaintiff's authorized agent to "pursue claims and litigation" by the express terms of the power of attorney attached as Exhibit 1 to ECF no. 99, the plaintiff's Reply Brief to the defendants' motion. Pennsylvania requires express authority to settle claims, Reutzel v. Douglas, 870 A.2d 787, 789-90 (Pa.2005), but it is clear that plaintiff's mother possessed express authority to settle litigation. There was a manifestation of mutual assent as to all the material terms of the settlement agreement.

That ends the matter, but because I have developed a familiarity with this sort of litigation over the past two decades I will add this: if plaintiff has decided not to sign the agreement because a fellow inmate where he is currently confined is giving him different advice, plaintiff should consider the source of his advice. It does not matter from a legal point of view, but as a factual matter, plaintiff should know that I have been in few settlement proceedings where the plaintiff was represented as passionately and as zealously as plaintiff's counsel and mother represented his interests.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have fourteen days to file written objections to this Report and Recommendation.

DATE: 16 August 2017

Keith A. Pesto,
United States Magistrate Judge

Notice to counsel of record by ECF

4