# Weber ⊡ Gallagher

Four PPG Place, 5th Floor
Pittsburgh, PA 15222

T(412) 281-4541
F(412) 281-4547

June 4, 2018

Direct Dial: (412) 281-5813
Email: sforeman@wglaw.com

Daniel Leppien, LC-2472
SCI Somerset
1600 Walters Mill Rd
Somerset, PA 15501

**RE: Daniel Leppien vs. Wexford Health Sources, Inc. et al. (WDPA 15-110)**
**No.: 3:15-cv-00110**
**Our File Number: 0082678**

Dear Mr. Leppien:

Please find enclosed our Response to Plaintiff's Motion to Enforce Settlement. The within was filed electronically via CM/ECF this date.

Very truly yours,

*[signature]*

Samuel H. Foreman

SHF/jcd
bcc:

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

DANIEL LEPPIEN,

    Plaintiff,

vs.

WEXFORD HEALTH SOURCES,
INC. ET AL.,

    Defendants.

*FILED ELECTRONICALLY*

CIV. ACTION NO. 3:15-cv-00110

## **RESPONSE TO PLAINTIFF' MOTION TO ENFORCE SETTLEMENT**

Plaintiff has transmitted a letter to Judge Gibson which the Clerk has docketed as a Motion to Enforce Settlement, Docket 110. Medical Defendants now briefly respond. Plaintiff contends that Wexford Health Sources was to "get [him] in to see the proper medical doctors to deal with all my medical needs," within 60 days, and contends that he has not been provided medical care which he feels he requires.

This matter was resolved by confidential settlements between Plaintiff and DOC and between Plaintiff and the medical defendants. While the terms of those agreements are confidential, the Court has been provided complete information regarding them. Wexford's contract with the Department of Corrections for provision of medical care ended on August 31, 2014. Wexford accordingly has no ability to arrange treatment for Mr. Leppien, and made no agreement, promise, or

inducement to do so in the resolution of this matter. Accordingly, Plaintiff's Motion should be denied.

Respectfully submitted,

WEBER GALLAGHER SIMPSON STAPLETON FIRES & NEWBY LLP

BY: _____
Samuel H. Foreman, Esquire
sforeman@wglaw.com
PA77096

WEBER GALLAGHER SIMPSON STAPLETON FIRES & NEWBY, LLP
Four PPG Place
5th Floor
Pittsburgh, PA 15222
(412) 281-4541
(412) 281-4547 FAX

## CERTIFICATE OF SERVICE

I, Samuel H. Foreman, Esquire, hereby certify that on this date a true and correct copy of the foregoing **RESPONSE TO PLAINTIFF' MOTION TO ENFORCE SETTLEMENT** was sent by first class United States mail, postage prepaid, to the following:

>Daniel Leppien LC2472
>SCI-Somerset
>1600 Walters Mill Rd
>Somerset, PA 15510

*and by CM/ECF notice only to*

James A. Wells, Esquire

Timothy Mazzocca

/S/ Samuel H. Foreman
Samuel H. Foreman, Esquire

Dated: 06/04/2018

**MEYERSON & O'NEILL**
ATTORNEYS AT LAW
1700 MARKET STREET - SUITE 3025
PHILADELPHIA, PA 19103
(215) 972-1376
FAX: (215) 972-0277
Website: www.meyersonlawfirm.com

JACK A. MEYERSON*
email: jmeyerson@meyersonlawfirm.com

DEBORA A. O'NEILL*
email: doneill@meyersonlawfirm.com

JAMES A WELLS
email: jwells@meyersonlawfirm.com

EDWARD SKIPTON*
email: eskipton@meyersonlawfirm.com

*Admitted in Pennsylvania and New Jersey

Of Counsel to Studio Legale IURA in Bologna, Italy

July 19, 2017

**Sent via email and regular mail**
Marilyn Hahn
553 Ledgerock Road
Mohnton, PA 19540

Re:  Settlement

Dear Ms. Hahn:

It has been approximately two weeks since we last spoke regarding your efforts to have Daniel sign the Settlement Agreement and Release. Since that time I have tried to reach you via email and telephone to find out the status but have not heard back from you.

You should know that Judge Pesto has been made aware of the fact that the settlement has not been finalized. If the paperwork is not finalized by Monday, July 24, 2017, it is likely that steps will be taken to have the Judge enter an order against Daniel to enforce the settlement terms.

As you and I have discussed, we are certain that the settlement is in Daniel's best interest. We are also certain that a binding settlement agreement has been entered that the Court can and will enforce. It is often the case that when a Court enforces a settlement is requires the party who was holding up the settlement to pay the other side's attorney's fees. We are greatly concerned that if Daniel does not promptly sign the paperwork, the Court will not only impose the settlement terms upon him but will also require the other side's attorney's fees to be deducted from the settlement amount. Thus, if Daniel is continuing to refuse signing the paperwork, he risks getting less money than what was agreed upon.

Please call me upon receipt of this letter and please make every effort to have Daniel sign the Settlement Agreement and Release prior to Monday, July 24, 2017.

Sincerely,

James A. Wells

## MEYERSON & O'NEILL
ATTORNEYS AT LAW
1700 MARKET STREET - SUITE 3025
PHILADELPHIA, PA 19103
(215) 972-1376
FAX: (215) 972-0277
Website: www.meyersonlawfirm.com

JACK A. MEYERSON*
email: jmeyerson@meyersonlawfirm.com

DEBORA A. O'NEILL*
email: doneill@meyersonlawfirm.com

JAMES A WELLS
email: jwells@meyersonlawfirm.com

EDWARD SKIPTON*
email: eskipton@meyersonlawfirm.com

*Admitted in Pennsylvania and New Jersey

Of Counsel to Studio Legale IURA in Bologna, Italy

February 13, 2018

VIA REGULAR MAIL TO:
Daniel Leppien
#LC2472
SCI-Somerset
1600 Walters Mill Road
Somerset, PA 15510

VIA CERTIFIED MAIL
AND E-MAIL TO:
Marilyn Hahn
553 Ledgerock Road
Mohnton, PA 19540

**RE: Leppien v. Wexford Health Sources, et al., No. 3:-15-cv-110**

Dear Mr. Leppien,

We are in receipt of your recent correspondence and understand that you have attempted to file an appeal with regard to the above-captioned matter. As you know, our firm represented you in this matter through your mother, Marilyn Hahn, who had a valid power of attorney. Prior to mediation, I met with you and confirmed that your mother was authorized to make decisions regarding settlement of your case. At the May 25, 2017 mediation session, terms of a settlement were then agreed to by all persons present, including Ms. Hahn.

It is our understanding that following this agreement, you refused to sign the requisite settlement paperwork and immediately afterward, Ms. Hahn ceased responding to any attempts at communication. However, at that point an agreement existed which was found to be binding by the Honorable Judge Keith A. Pesto in his August 16, 2017 report and recommendation. Judge Gibson entered an Order on October 3, 2017 confirming that the settlement agreement was binding and dismissed your case. We mailed copies of these decisions to your mother and made numerous attempts to keep her informed of the status of the case. We negotiated a settlement of your case with proper authority from you and your mother as your attorney-in fact. As such, there is no basis for an appeal.

Our firm attempted to mail the settlement proceeds to Ms. Hahn on December 13, 2017 but the letter was returned to us as unclaimed. Please advise us as to whom the funds should be remitted and at what address.

Sincerely,

James A. Wells

DANIEL LEPPIEN, Plaintiff, v. WEXFORD HEALTH SOURCES, INC., et al., Defendants
UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA
2017 U.S. Dist. LEXIS 163100
Case No. 3:15-cv-110-KRG-KAP
October 3, 2017, Decided
October 3, 2017, Filed

**Editorial Information: Prior History**

Leppien v. Wexford Health Sources, Inc., 2017 U.S. Dist. LEXIS 131750 (W.D. Pa., Aug. 16, 2017).

**Counsel** For **DANIEL LEPPIEN**, Plaintiff: Jack A. Meyerson, Laura M. Siegle, LEAD ATTORNEYS, Matthew L. Miller, Meyerson & O'Neill, Philadelphia, PA; James A. Wells, Haines & Associates, Philadelphia, PA.

For WEXFORD HEALTH SOURCES, INC., Defendant: David J. Rosenberg, LEAD ATTORNEY, Weber Gallagher Simpson Stapleton Fires & Newby, Pittsburgh, PA United Sta; Mallorie McCue, Michael C. Hamilton, LEAD ATTORNEYS, Samuel H. Foreman, Weber Gallagher Simpson Stapleton Fires & Newby, Pittsburgh, PA.

For ANNETTE KOWALESKI, Individually and in her capacity as Corrections Health Care Administrator, NURSE JAMIE MASORYAK, Individually and in her capacity as Nurse also known as NURSE MISSORIA, NURSE JOSEPH J. LESZCZYNSKI, R.N., Individually and in his capacity as Nurse, MARK CAPOZZA, Individually and in his capacity as Superintendent of SCI Pittsburgh, WILLIAM WOODS, Individually and in his capacity as Deputy Superintendent of SCI Pittsburgh, JAMEY LUTHER, Individually and in his capacity as Superintendent of SCI Laurel Highlands, CORRECTIONS OFFICER ELITA MOSES, CORRECTIONS OFFICER V. LUSIK, CORRECTIONS OFFICER KENNETH CURRY, CORRECTIONS OFFICER E. SALINETRO, CORRECTIONS OFFICER D. MCCRACKEN, MICHAEL ZAKEN, Individually and in his capacity as Deputy Superintendent of SCI Pittsburgh, CORRECTIONS OFFICER S. PHILLIPS, JAMES LIPSCOMB, Individually and In his Capacity as Unit Manager, SCI Pittsburgh, CORRECTIONS OFFICER R. HASSETT, Defendants: Timothy Mazzocca, LEAD ATTORNEY, Office of Attorney General, Pittsburgh, PA.

**Judges:** KIM R. GIBSON, UNITED STATES DISTRICT JUDGE.

**Opinion**

**Opinion by:** KIM R. GIBSON

**Opinion**

Memorandum Order

This matter was referred to Magistrate Judge Keith A. Pesto for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. § 636, and Local Rule 72 for Magistrate Judges.

The Magistrate Judge filed a Report and Recommendation on August 16, 2017, ECF no. 100, recommending that the Defendants' Joint Motion to Enforce Settlement, ECF no. 95 be granted.

The parties were notified that pursuant to 28 U.S.C.§ 636(b) (1), they had fourteen days to file written objections to the Report and Recommendation. No objections have been filed and the time to do so has expired.

After *de novo* review of the record of this matter despite the lack of objections thereto, and the Report and Recommendation, the following order is entered:

AND NOW, this 3rd day of October, 2017, it is

ORDERED that the Defendants' Joint Motion to Enforce Settlement, ECF no. 95 is granted. The parties are bound by the terms of the Settlement Agreement and Releases of All Claims filed under seal, and shall promptly comply with the terms set forth therein. The Complaint is dismissed with prejudice.

BY THE COURT:

/s/ Kim R. Gibson

KIM R. GIBSON

UNITED STATES DISTRICT JUDGE

© 2018 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

© 2018 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.