IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DANIEL LEPPIEN,  :
    Plaintiff,  :
    v.  : Case No. 3:15-cv-110-KRG-KAP
WEXFORD HEALTH SOURCES, INC.,  :
et al.,  :
    Defendants  :

<u>Memorandum Order</u>

As recounted more fully in my Report and Recommendation at ECF no. 100, this matter was settled in May 2017. It was not discontinued and ended until October 2017, when a motion to enforce settlement filed by defendants was granted by the court. ECF no. 101. Since that time plaintiff has taken a *pro se* appeal that was dismissed as untimely, <u>see</u> ECF no. 114, has asked the court for legal advice that it cannot give, <u>see</u> ECF no. 115, ECF no. 117, and has filed two motions to enforce settlement, <u>see</u> ECF no. 108, ECF no. 110, referred to me under 28 U.S.C.§ 636(b)(3).

I denied the first motion to enforce settlement in an order at ECF no. 109, advising plaintiff that "[i]f plaintiff has a specific issue he should describe it (and it would help if he would attach the grievances associated with the issue) and I will order a response." In plaintiff's second motion to enforce settlement, filed two weeks later at ECF no. 110, he specifically complained that he had never seen "anyone" for his medical needs in the "over 7 months" since the court's order adopting my Report and Recommendation. As relief plaintiff asked that this "be looked into" and something done "to correct this."

I ordered a response and the Commonwealth defendants, in their response at ECF no. 116, attached medical records indicating

that plaintiff had been evaluated by an ophthalmologist on July 17, 2017, with a followup appointment on January 8, 2018, and a further appointment on June 20, 2018; by a oral-maxillofacial surgeon on August 24, 2017, with a followup appointment on December 18, 2017, and by a neurologist on July 19, 2017. Plaintiff replied to the response at ECF no. 118, not disputing that he had been seen as the defendants' records indicated (in fact the plaintiff attached the same medical records), but claiming that the visits to the ophthalmologist were "well after the 60day settlement agreement [sic]," the visits to the oral-maxillofacial surgeon were "late" and the visit to the neurologist "showed that more needs to be done." As relief plaintiff now asked that the settlement agreement be amended to add "new terms."

There is no breach of the settlement agreement. What the medical records show is that even before the settlement agreement was legally binding on defendants the plaintiff was being seen by the relevant specialists. No one disputes that plaintiff suffered serious injuries or that the medical records submitted show that additional treatment may be necessary in the future. See e.g. the December 18, 2017 notes of Doctor Chung that he would not be able to formulate a treatment plan until he had reviewed the scans of plaintiff's jaw taken in 2014 immediately after the assault; see also the office notes (the doctor's signature begins with a G and although the typed name does not appear on the records the cross reference in the other notes and the UPMC website suggest that it could be Gabrielle Bonhomme, MD, director of UPMC Eye Center's

2

neuro-ophthalmology service) of the neurology consult on July 19, 2017, opining that future "strabismus surgery" might be advisable when plaintiff's vision stabilized. That future treatment may be needed in the future (repetition deliberate) does not mean that it is needed now, much less that it is being withheld in violation either of the Eighth Amendment or the settlement agreement. The plaintiff's motion is denied.

If in the future plaintiff believes that any person with a duty under the Eighth Amendment to provide for his serious medical needs is being indifferent to them he is free to exhaust the remedies provided by the Pennsylvania Department of Corrections and then file a complaint in this court under the Prison Litigation Reform Act. But there is no evidence in support of the claim that the settlement agreement in this matter has been breached. It is inappropriate to use a settlement agreement reached as a result of a discrete past event and necessarily having a limited scope, as a basis for seeking to constitute the court an ombudsman to hear every future claim plaintiff may wish to bring relative to his medical care.

DATE: 7 January 2019

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel of record by U.S. Mail to plaintiff:

> Daniel Leppien LC-2472
> S.C.I. Somerset
> 1600 Walters Mill Road
> Somerset, PA 15510